IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00261-WYD-MEH

PENNTERRA ENERGY PARTNERS, LLC,

    Plaintiff,

v.

MCMAHON ENERGY PARTNERS, LP,
TOFTE ENERGY PARTNERS, LP,
JOE MCMAHON, JR., and
STEVE A. TOFTE,

    Defendants.

## ORDER ON MOTION TO AMEND

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion to File Verified Amended Complaint [filed May 20, 2013; docket #18]. Defendants filed a response to the Motion on June 7, 2013. Pursuant to D.C. Colo. LCivR 7.1C, the Court decides the Motion without a reply. For the reasons set forth below, the Motion is **GRANTED**.

**I.    Background**

Plaintiff initiated this lawsuit in Denver County District Court on November 26, 2012, alleging breach of contract and several related causes of action.[1] (Dockets ##1, 6.) Plaintiff's claims arise from series of agreements regarding oil and gas leases between Plaintiff and Defendants. (Docket # 6 at 1-3.)  Pursuant to 28 U.S.C. § 1332, Defendants removed the case to federal court

---

[1] Though the Complaint is dated July 9, 2012, Defendants explain that the instant Complaint is the product of a prior lawsuit. The complaint filed on July 9, 2012, was dismissed without prejudice for failure to comply with various court orders. (*See* docket #20-3.) Thereafter, Plaintiff filed the same document on November 26, 2012.

on January 31, 2013.  (Docket #1.)

The Court held a Scheduling Conference in this case on April 3, 2013, during which Defendants expressed concern regarding the veracity of several allegations contained in Plaintiff's Complaint.  Defendants explained that factual developments between the July 9, 2012 filing and the initiation of this lawsuit rendered some of the Plaintiff's assertions inaccurate.   Though Plaintiff agreed to review and amend its Complaint to eliminate any inaccuracies, Plaintiff disagreed with Defendants' characterization of the factual developments and the legal effect of those developments on its claims. The Court advised Defendants to use their requests for admissions to narrow the scope of the action as needed.

Pursuant to the proposed Scheduling Order approved by all parties, the Court established, *inter alia*, a May 20, 2013 deadline for joinder of parties and amendment of pleadings.  In accordance with this deadline, Plaintiff moved to file an Amended Verified Complaint on May 20, 2013. (Docket #18.) Defendants filed their response on June 7, 2013, opposing the relief requested.

**II.     Discussion**

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2) (2013).  Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Of the aforementioned bases for denying a motion to amend, Defendants cite only one: undue delay.  In particular, Defendants express frustration that Plaintiff waited until the day of the

deadline to confer regarding the proposed amendment, as it did not give Defendants enough time to work through and negotiate proposed stipulated facts.  Thus, Defendants argue that Plaintiff's Motion is untimely.

In determining whether a motion to amend is unduly delayed, the Court generally looks to the Scheduling Order.  In this case, as noted above, both parties agreed that May 20, 2013, would be an acceptable date by which each party could amend its pleadings.  (*See* docket #15 at 23.)  Plaintiff complied with this deadline in filing the pending Motion.  Although Defendants may have preferred more advanced notice, Plaintiff's Motion is timely under the Scheduling Order and, therefore, not unduly delayed.  Moreover, Fed. R. Civ. P. 15(a)(3) does not require Plaintiff to obtain Defendants' agreement to each and every asserted fact before seeking relief from the Court.

### III. Conclusion

Applying, as it must, the liberal pleading standards set forth in Fed. R. Civ. P. 15(a)(2), the Court finds that justice requires leave to amend.  Therefore, Plaintiff's Motion to File Verified Amended Complaint [filed May 20, 2013; docket #18] is **granted**.  The Clerk of the Court is directed to enter Plaintiff's Amended Verified Complaint [docket #18-1] as filed.  Defendants shall respond to the Verified Amended Complaint in accordance with Fed. R. Civ. P. 15(a)(3) and all applicable local and federal rules.

Dated at Denver, Colorado, this 25th day of June, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge